# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. FULTON,<br><br>  Petitioner,<br><br>  v.<br><br>D. PARAMO,<br><br>  Respondent. | Case No. LA CV 16-3019 JLS (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation ("R&R"), [Dkt. No. 26], Petitioner's Objections to the Report and Recommendation ("Objections"), [Dkt. No. 27], and the remaining record, and has made a *de novo* determination.

Petitioner's Objections generally reiterate the same arguments made in the Petition, and lack merit for the reasons set forth in the R&R. There is one issue however, that warrants brief discussion here.

In his Objections, Petitioner argues that his first federal habeas petition ("Initial Petition"), which was filed on September 30, 2015 and summarily dismissed by the Court on October 30, 2015, *see* Case No. 15-7685 JLS (JCG), Dkt. Nos. 1, 6-7, was

1

"erroneously" dismissed. (*See* Objections at 1, 8.) In effect, Petitioner seeks to set aside the Court's October 30, 2015 summary dismissal, thereby rendering his "[I]nitial [P]etition [] timely." (*See* Objections at 8.) The Court thus liberally construes Petitioner's argument as a motion under Fed. R. Civ. P. 60(b) for relief from judgment.

As a rule, parties seeking relief from judgment must file a motion under: (1) Fed. R. Civ. P. 60(b)(1)-(3) within one year; or (2) Fed. R. Civ. P. 60(b)(4)-(6) within a "reasonable time." *See* Fed. R. Civ. P. 60(c). However, "[t]o receive relief under Rule 60(b)(6), a party must demonstrate 'extraordinary circumstances which prevented or rendered him unable to prosecute [his case].'" *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (internal citations omitted).

Here, none of the grounds for relief under the Rule 60(b) are applicable. First, because more than one year has passed since the October 30, 2015 summary dismissal of Petitioner's prior federal petition, Rules 60(b)(1)-(3) are inapplicable. Second, because Petitioner does not claim that the prior judgment was void, satisfied, released, or discharged, Rules 60(b)(4)-(5) are inapplicable.

Third, because Petitioner fails to claim that "there were 'extraordinary circumstances' beyond [his] control that prevented [him] from taking timely action to prevent or correct an [allegedly] erroneous judgment," Rule 60(b)(6) is also inapplicable. *See Franklin v. Scribner*, 2008 WL 1817263, at *2 (C.D. Cal. Apr. 16, 2008). In fact, Petitioner was able to file two additional state habeas petitions shortly after the Court's October 3, 2015 dismissal. [Dkt. Nos. 18-4, 18-6.] Thus, there does not appear to have been any extraordinary circumstances preventing Petitioner from filing a timely motion for relief from judgment.

As such, the Court accepts the finding and recommendation in the R&R, but notes one clarification: because the Petition was filed on April 25, 2016, [Dkt. No. 1 at 9], it was untimely by one month when accounting for all statutory tolling. *See* 28 U.S.C. § 2244(d)(1-2).

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation, with the aforementioned clarification, is approved and accepted;
2. Judgment be entered dismissing this action with prejudice;
3. All pending motions are denied as moot and terminated; and
4. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

DATED: February 8, 2017

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE